IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAWRENCE LEITGEB,

    Plaintiff,

vs.                                                                              CIV 17-0346 WJ/KBM

STOCKTON TELECOMMUNICATIONS
COMPANY, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING RELIEF PURSUANT TO PLAINTIFF'S RULE 56(d) DECLARATION

THIS MATTER comes before the Court on Plaintiff's Declaration of Geoffrey H. Baskerville Pursuant to Fed. R. Civ. P. 56(d) ("Declaration") (*Doc. 46*), filed September 26, 2017, in response to Defendant's Motion for Summary Judgment (*Doc. 42*), filed September 5, 2017. Having reviewed the parties' submissions and all pertinent authority, the Court will deny Plaintiff's request for additional discovery prior to ruling on the Motion for Summary Judgment.

**I.    BACKGROUND**

In May 2015, Plaintiff applied for a job with Defendant Stockton, a staffing agency, for placement at DirectTV. As part of the application, Defendant requested and received a consumer report concerning Plaintiff. Based on the report, Defendant notified Plaintiff that he was not approved for the position. Plaintiff then brought this suit, asserting Defendant violated the Fair Credit Reporting Act ("FCRA") by failing to provide him a copy of the consumer report prior to taking adverse action.

1

On September 5, 2017, Defendant filed a Motion for Summary Judgment, arguing the job Plaintiff applied for was that of an independent contractor, not an employee, and the FCRA does not apply to independent contractors. *Doc. 42*. Plaintiff filed a Rule 56(d) Declaration in response, asserting he needs more discovery in order to respond to the Motion for Summary Judgment. *Doc. 46*. In particular, Plaintiff asserts he needs more information on "[w]hether Defendant is a user of information for employment purposes under the FCRA," and "[w]hether the position that Plaintiff applied for entailed the type of conduct and duties that are, in fact, consistent with an employee rather than an independent contractor." *Id.* at 2.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(d), formerly Rule 56(f), provides that

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declaration or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). The non-movant has the burden to show that additional discovery is necessary. *Martin v. Cty. of Santa Fe*, 626 F. App'x. 736, 740 (10th Cir. 2015).

While Rule 56(d) requests are generally treated liberally, *Lewis v. City of Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990), the Tenth Circuit has held that a declaration must meet four requirements, *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010). First, the declaration must identify "the probable facts not available." *Id.* (citation omitted). Second, the declaration must state "why those facts cannot be presented currently." *Id.* That the movant has exclusive control over the needed information weighs in favor of 56(d) relief; however, exclusive control is just one

factor and does not grant automatic relief. *Price ex. rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783-84 (10th Cir. 2000). Third, the declaration must specify "what steps have been taken to obtain these facts." *Valley Forge Ins. Co.*, 616 F.3d at 1096 (citation omitted). And fourth, the declaration must explain "how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Id.* "A party may not invoke Fed. R. Civ. P. 56[(d)] by merely asserting that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable. Rather, the party must demonstrate precisely how additional discovery will lead to a genuine issue of material fact." *Ben Ezra, Weinstein, & Co., Inc., v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000).

### III. ANALYSIS

Plaintiff fails to meet his burden of demonstrating why facts precluding summary judgment cannot be presented. Plaintiff's Declaration does generally identify the probable facts not available. He maintains that he needs more information on whether Defendant is a "user of information" and whether the position Plaintiff applied for was that of an employee, not an independent contractor. *Doc. 46* at 2. However, Plaintiff's Declaration neither shows why those facts cannot be presented currently nor steps he took to obtain the needed information. Rather, he merely states that discovery is ongoing, and the information is in Defendant's sole possession. *Doc. 46* at 4. Rule 56(d) relief may be appropriate if the requested information is in Defendant's possession. However here, even as Plaintiff correctly points out, discovery was still open when Plaintiff filed his Declaration on September 26, 2017. Plaintiff could have requested the needed information from Defendant long before the close of discovery.

In fact, Defendant responded to Plaintiff's first set of Interrogatories and Request for Production on August 10, 2017 and included answers to questions similar to those in the Declaration. *See Docs. 35*; *51* at 2-3. If Defendant's responses were deficient, Plaintiff had 21 days under Local Rule 26.6 to file a motion to compel, which he did not. *See* D.N.M.LR-Civ. 26.6. Indeed, it appears that Plaintiff failed to send any follow-up discovery or set any depositions, and Plaintiff's Declaration makes no mention of any steps he took to discover the needed information. Again, simply asserting that discovery is ongoing, and therefore incomplete, is insufficient to obtain relief under Rule 56(d). *See Ben Ezra, Weinstein, & Co., Inc.*, 206 F.3d at 987.

Finally, Plaintiff's Declaration does not explain how additional discovery will help him rebut defenses raised by Defendant. As mentioned above, Plaintiff vaguely identifies that the information he needs to preclude summary judgment goes to the eight Restatement (Second) of Agency factors used for determining if a person is an employee or independent contractor. *Doc. 46* at 2-3. However, Plaintiff does not precisely demonstrate how additional information on those eight factors will refute the defense that Plaintiff's sought position was that of an independent contractor. Further, Plaintiff believes he needs more information on whether Defendant was a "user of information," but he does not explain why being a user of information would create a genuine issue of material fact. *Doc. 46* at 2. In sum, Plaintiff's Declaration falls short of providing specific reasons why he cannot now present evidence precluding summary judgment nor how sought information he does identify would be helpful in precluding summary judgment.

4

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Declaration of Geoffrey H. Baskerville Pursuant to Fed. R. Civ. P 56(d) (*Doc. 46*), requesting discovery and a deferral of Defendant's Motion for Summary Judgment (*Doc. 42*), is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a Response to the Motion for Summary Judgment with 14 days of the entry of this Order, and Defendant may file a Reply within 14 days of the Response, together with a Notice of Completion of Briefing.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE